■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS HAGAN, Also Known as TALMADGE HAYER, Also Known as THOMAS HAYER, NORMAN BUTLER, Also Known as NORMAN 3X BUTLER and THOMAS JOHNSON, Also Known as THOMAS 15X JOHNSON, Appellants.— Judgments convicting defendants of murder in the first degree unanimously affirmed. Defendants' guilt was overwhelmingly established. And no contention that it was not, was advanced. One of the defendants in testimony given on the trial admitted his participation,

including shooting the deceased, in unequivocal terms. Reversal is sought on several grounds, only one* of which merits any discussion. During the trial one witness refused to testify unless the courtroom was cleared of spectators and press representatives. He gave as grounds for his refusal his fear of reprisals which had been threatened against him. After considering alternatives, strenuously objected to by counsel for each of the defendants, the court acceded to the witness' request and cleared the courtroom for his testimony and that of another witness whose testimony, purely formal, was related to the testimony of the other. None of us approves the practice followed, and some members of the court believe it to have constituted error. But we are all in accord that it was not error which mandates a reversal. Even if it be assumed that the claimed error is constitutional error, it does not automatically call for reversal (*Chapman* v. *California*, 386 U. S. 18, 23–24; *Fahy* v. *Connecticut*, 375 U. S. 85, 86–87). Here we believe that the prosecution has established beyond a reasonable doubt that the claimed error did not contribute to the verdict obtained. The period of public exclusion was less than 3% of the time taken for trial; and the testimony given was largely cumulative and it is inconceivable that a public hearing as to these witnesses would have induced potential evidence for the defense which the vastly greater publicly given testimony failed to evoke. Concur — Stevens, J. P., Eager, Steuer, Tilzer and McNally, JJ.